RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Joseph L. Schwartz, Esq. (JS-5525)
Kevin J. Larner, Esq. (KL-8627)
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800

*Counsel for Sovereign Bank*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In re:<br><br>OSCAR R. CALDERON,<br><br>Debtor. | Case No. 13-29959<br>Chapter 7<br><br>Honorable Kathryn C. Ferguson, U.S.B.J. |
|---|---|

**MOTION OF SOVEREIGN BANK OBJECTING TO DEBTOR'S CLAIM OF EXEMPTIONS**

Sovereign Bank ("Sovereign"), by and through its undersigned counsel, hereby submits this Motion objecting to certain of the exemptions claimed by the Debtor, Oscar R. Calderon (the "Debtor"). In support of this Objection, Sovereign respectfully states as follows:

**PRELIMINARY STATEMENT**

The Debtor filed an individual Chapter 7 bankruptcy case on September 11, 2013, and has availed himself of his statutory right to claim certain of his property as exempt, pursuant to 11 U.S.C. § 522. The Debtor's Schedule C, however, includes: 1) an exemption for property which cannot be exempt under 11 U.S.C. § 522(d)(3), and 2) an exemption which lacks sufficient description and impermissibly exceeds the claimed property's value. As a result, Sovereign seeks a ruling that the Debtor's claimed exemptions for: 1) a bank account at PNC Bank and 2) the "[f]urnishings, TV, [c]omputer and other household goods" are invalid pursuant to 11 U.S.C. § 522(d)(3).

## BACKGROUND

**A.     The Bankruptcy Filing.**

1.     On September 11, 2013 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

**B.     The Debtor's Relationship with Sovereign.**

2.     On July 12, 2007, the Debtor obtained a loan from HTFC Corporation in the amount of $880,000, executed a mortgage as security for that loan in favor of HTFC Corporation, which mortgage was thereafter assigned to Sovereign (the "Mortgage"). The Mortgage encumbered real property commonly known as 309 Virginia Avenue, Oceanside, New York 11572, and was recorded on March 20, 2008 with the Nassau County Clerk in Nassau County, New York.

3.     The Debtor defaulted under the Mortgage, and on or about July 9, 2008, Sovereign instituted a foreclosure action in the New York Supreme Court. Although the Debtor moved to dismiss Sovereign's foreclosure lawsuit, the Debtor's motion to dismiss was denied, which the Debtor appealed. However, the New York Appellate Division, Second Department, affirmed the trial court and denied the Debtor's appeal of the trial court's denial of the Debtor's motion to dismiss.

4.     Thereafter, the New York Supreme Court granted Sovereign's motion for Judgment of Foreclosure and Sale on April 11, 2011, and the Nassau County Clerk's Office entered a judgment of foreclosure on May 16, 2011. On June 7, 2011, Sovereign filed and served a Notice of Entry of the Judgment.

5. A Notice of Sale of the mortgaged premises was duly published in the Oceanside/Island Park Herald, and the premises were thereafter sold for $285,000.00 at public auction on February 14, 2012.

6. On April 4, 2012, the Referee's Report of Sale ("Report") was duly filed in the Nassau County Clerk's Office. The Report stated that the total due to Sovereign was $1,049,817.40, including interest, fees, and expenses, and that Sovereign's deficiency after the public auction sale was $764,817.40.

7. On May 4, 2012, the New York Supreme Court granted Sovereign's motion to obtain a deficiency judgment, and entered final judgment on March 4, 2013 against the Debtor in favor on Sovereign in the amount of $737,632.88 (the "Judgment").[1]

8. The Debtor has not made any payments to Sovereign toward the satisfaction of the Judgment, and Sovereign has not released the Debtor from his obligation.

9. In May 2013, Sovereign domesticated the Judgment to the Superior Court of New Jersey, Law Division, Mercer County.

C. **The Debtor's Schedules**

10. On September 11, 2013, the Debtor filed his bankruptcy schedules with the Court [Docket No. 1] (the "Schedules").

11. In his Schedules, the Debtor reports the amount owed to Sovereign as of the Petition Date is $764,817.40.

---

[1] Sovereign is contemplating filing an adversary proceeding for a determination that Sovereign's claim that arises from the Judgment is nondischargeable.

12. On Schedule C, the Debtor claims as exempt various items pursuant to 11 U.S.C. §§ 522(d)(2), (d)(3), and (d)(5). In particular, the Debtor claims the following exemptions pursuant to 11 U.S.C. § 522(d)(3):[2]

| Description of Property | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|
| PNC Bank, Colts Neck, NJ (Account subject to Sovereign Bank Levy) | $6,183.15 | $6,183.15 |
| Furnishings, TV, Computer and other household goods | $2,500.00 | $1,250.00 |

13. As is further set forth below, the Debtor's bank account at PNC Bank ("the Account") cannot properly be exempted under 11 U.S.C. § 522(d)(3) because the Account does not constitute a "household good" and because the amount on deposit in the Account exceeds the statutory cap set forth in 11 U.S.C. § 522(d)(3).

14. Additionally, the Debtor's claimed exemption for "[f]urnishings, TV, [c]omputer and other household goods" is improper because: 1) the Debtor's description of such property lacks sufficient specificity, and 2) the value of the claimed exemption exceeds the listed value of the property.

## **OBJECTION**

15. Upon the filing of a bankruptcy case, "all legal or equitable interests of the debtor in property" is divested from the debtor and becomes property of the estate. See 11 U.S.C. § 541(a)(1).

16. Section 522 of the Bankruptcy Code, however, allows an individual debtor to exempt property from the estate, subject to certain limitations. See 11 U.S.C. § 522(b).

---

[2] Debtor also claims "clothing" in the amount of $500.00 and "golf bag and clubs" in the amount of $200.00 as exempt pursuant to 11 U.S.C. § 522(d)(3).

17.     Section 522(d) of the Bankruptcy Code sets forth the property that may be exempted under the federal exemptions and includes specific dollar limits for these exemptions. See 11 U.S.C. § 522(d).

18.     Pursuant to Section 522(d)(3), a debtor may exempt "[t]he debtor's interest, not to exceed $575 in value in any particular item or $12,250 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor." 11 U.S.C. § 522(d)(3).

19.     "Household goods" are "'those items of personal property that are typically found in or around the home and used by the debtor or his dependents to support and facilitate day-to-day living within the home, including maintenance and upkeep of the home itself.'" In re Andershonis, 324 B.R. 247, 249 (Bankr. M.D. Pa. 2004) (quoting In re McGreevy, 955 F.2d 957, 961-62 (4th Cir. 1992)). Given the fact that a bank account is not an "item[] of personal property that [is] typically found in or around the home," a bank account is not a "household good." Id.

20.     Here, notwithstanding the foregoing, the Debtor has nevertheless improperly claimed the Account as exempt pursuant to 11 U.S.C. § 522(d)(3).

21.     Moreover, even if a bank account could be deemed exempt property under 11 U.S.C. § 522(d)(3), which it cannot, the Debtor's exemption for the Account is nonetheless invalid. This is because 11 U.S.C. § 522(d)(3) only permits exemptions which do not "exceed $575 in value in any particular item." 11 U.S.C. § 522(d)(3). Despite Section 522(d)(3), the Debtor has claimed an exemption for the Account in the amount of $6,183.15, which exceeds the statutory cap of $575.00 per item, thereby further causing the Debtor's exemption for the Account to be impermissible.

5

22. Additionally, a debtor bears the burden to "make out the claim of exemption with adequate specificity," and thus must list exempt items with enough detail so as to "put the trustee on notice of the wisdom of further inquiry." Payne v. Wood, 775 F.2d 202, 206 (7th Cir. 1985), cert. denied, 475 U.S. 1085 (1986). Although there is no per se rule as to the level of specificity or itemization required for such exemptions, debtors must provide "reasonable particularization under the circumstances." In re Mohring, 142 B.R. 389, 395 (Bankr. E.D. Cal. 1992), aff'd, 153 B.R. 601 (B.A.P. 9th Cir. 1993), aff'd, 24 F.3d 247 (9th Cir. 1994). In assessing the specificity requirement, courts have held that a debtor may aggregate items when they are of the same category, such as "furniture" or "dishes and small appliances." Payne, 775 F.2d at 206.

23. Here, the Debtor has grouped various categories of items together, listing only an aggregate exemption amount of $2,500.00. The Debtor has not demonstrated the individual value of his "[f]urnishings, TV, [c]omputer [or] other household goods." Consequently, no determination can be made as to whether any item exceeds the $575.00 per item limit under Section 522(d)(3). The Debtor, therefore, has failed to provide sufficient detail as to this exemption.

24. Further, the value of Debtor's claimed exemption in "[f]urnishings, TV, [c]omputer and other household goods" impermissibly exceeds the value of that property as stated by the Debtor. The Debtor has reported that the current value of the "[f]urnishings, TV, [c]omputer and other household goods" is $1,250.00. The Debtor's claimed exemption in those items, however, is $2,500.00. A debtor may only exempt his "interest . . . in any particular item." 11 USC § 522(d)(3). A debtor cannot, therefore, claim an exemption in an item that exceeds the item's overall value. Because the Debtor has claimed an exemption in an amount

that is more than the reported value of his "[f]urnishings, TV, [c]omputer and other household goods," the Debtor's exemption for such property is impermissible.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Sovereign respectfully requests that the Court determine that Debtor's exemptions for: 1) the Account and 2) the "[f]urnishings, TV, [c]omputer and other household goods" are invalid exemptions, and grant Sovereign such further relief as the Court deems just and equitable.

Dated: November 19, 2013
Morristown, New Jersey

                RIKER DANZIG SCHERER HYLAND
                & PERRETTI LLP

                By: /s/ Joseph L. Schwartz
                    Joseph L. Schwartz, Esq. (JS-5525)
                    Headquarters Plaza
                    One Speedwell Avenue
                    Morristown, NJ 07962-1981
                    (973) 538-0800
                    *Counsel for Sovereign Bank*

4424839v2